# EXHIBIT 1

M. Kristeen Hand (WSB # 6-3544)
John Graham (WSB # 7-5742)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 (phone)
(307) 733-5248 (fax)
hand@spencelawyers.com
graham@spencelawyers.com

*Attorneys for Plaintiff*

FILED
MAR 06 2018
Gen Tuma Clerk of District Court
CONNIE ROLLINS
By:_____ Deputy

IN THE DISTRICT COURT FOR THE SEVENTH JUDICIAL DISTRICT
NATRONA COUNTY, WYOMING

| | |
|---|---|
| SARAH MOUNTAIN,<br><br>     Plaintiff,<br><br>vs.<br><br>COMMUNITY HEALTH CENTER OF CENTRAL WYOMING, INC.,<br><br>     Defendant. | Civil No. 104365<br><br>COMPLAINT |

Plaintiff Sarah Mountain, by and through her attorneys, M. Kristeen Hand and John Graham of THE SPENCE LAW FIRM, LLC, brings this Complaint against Defendant as follows:

PARTIES

1. Plaintiff Sarah Mountain is a Wyoming citizen residing in Lincoln County, Wyoming.

2. Defendant Community Health Center of Central Wyoming (hereinafter "CHCCW") was and still is a non-profit corporation incorporated under Wyoming law with its principle place business at 5000 Blackmore Rd., Casper, WY 82609.

COMPLAINT— 1

3. Defendant CHCCW's registered agent in Wyoming is Daniel J. Meyers, and the agents listed address is 5000 Blackmore Rd., Casper, WY 82609.

4. Under the doctrine of *respondeat superior*, CHCCW is vicariously liable for any act or omission of an officer, agent, servant or employee made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of the employee, which were the direct and proximate cause of the injuries and the resulting damages alleged herein.

5. In the alternative, the United Sates is a proper party because:

   a. Defendant CHCCW has satisfied all of the requirements to be a "deemed facility" under the Federally Supported Health Centers Assistance Act;

   b. Defendant CHCCW was a "deemed facility" at the time of the events giving rise to this claim;

   c. the United States appears or a District Court makes a determination of coverage pursuant to 42 U.S.C. § 233(l); and

   d. Defendant CHCCW has met all other requirements to be a "deemed facility" under the Federally Supported Health Centers Assistance Act.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction pursuant to Wyo. Const. Art. V, § 10.

7. The incidents that are the subject matter of this action occurred in Natrona County, Wyoming, and therefore, this Court has personal jurisdiction over the Defendant.

8. Venue is proper in this Court pursuant to Wyo. Stat. § 1-5-105 and 109 because Defendant's principal place of business is in Natrona County and the cause of action arose in this jurisdiction.

9. Plaintiff complied with the Wyoming Medical Review Panel Act, Wyo. Stat. Ann. §§ 9-2-1513 through 9-2-1523.

10. The Wyoming Medical Review Panel acknowledged receipt of Plaintiff's Application for Claim Review on October 30, 2017.

11. The Director of the Medical Review Panel, Eric Easton, signed an Amended Order of Dismissal on February 26, 2018, which found Plaintiff had complied with the Medical Review Panel Act, and that Defendant CHCCW and the United States had failed to respond.

12. Additionally, to the extent Defendant CHCCW claims to be a governmental entity protected by the Wyoming Governmental Claims Act, Plaintiff has satisfied all statutory and constitutional requisites to filing suit.

13. The possibility the United States may be a proper defendant does not deprive this court of jurisdiction unless and until the Attorney General of the United States, or his designee, appears and certifies that Defendant CHCCW is a "deemed facility," pursuant to 42 U.S.C. § 233(l)(1), or a Federal District Court determines that that Defendant CHCCW is a "deemed facility," pursuant to 42 U.S.C. § 233(l)(2).

14. This complaint was filed within two years of Defendant CHCCW's negligent acts, which occurred on April 27, 2016, in compliance with Wyo. Stat. § 1-3-107.

## FACTS

15. On April 27, 2016, CHCCW's dental clinic employed Plaintiff Sarah Mountain as a dental hygienist.

16. On April 27, 2016, at approximately 7:20 a.m., while she was driving to work, Ms. Mountain began to experience nausea, severe dizziness, an intense headache, severely distorted vision, and general physical discomfort.

17. After Ms. Mountain parked in CHCCW's parking lot, but before she could exit her car, she began to vomit uncontrollably.

18. Still in her car, Ms. Mountain lost consciousness.

19. After regaining consciousness, her symptoms had still not subsided.

20. Ms. Mountain was not able to get out of the car under her own power, so she called her supervisor.

21. Ms. Mountain's speech was impaired.

22. Ms. Mountain's supervisor managed to gather that Ms. Mountain was in distress, needed medical attention, and was in her car, which was parked in CHCCW's parking lot.

23. Ms. Mountain's supervisor and a nurse found Ms. Mountain in her car and helped her into Defendant CHCCW's Quick Care clinic.

24. The nurse attending to Ms. Mountain in her car was Ms. Christy Shatek.

25. Ms. Mountain's vital signs were entered into her CHCCW Quick Care Clinic's chart at 8:37 a.m.

26. By 8:37 a.m., Ms. Mountain was a patient of Defendant CHCCW's Quick Care Clinic.

27. During the time she was a patient at CHCCW on April 27, 2016, Ms. Mountain received medical treatment from a family nurse practitioner, Mr. Shawn Snyder.

28. During the time she was a patient at CHCCW on April 27, 2016, Ms. Mountain's medical treatment was controlled and overseen by Mr. Shawn Snyder.

29. At all times relevant during Ms. Mountain's treatment, Mr. Shawn Snyder was employed by Defendant CHCCW's Quick Care Clinic.

30. On information and belief, Shawn Snyder is still employed by Defendant CHCCW.

31. At all relevant times, Defendant CHCCW's employees, including Mr. Shawn Snyder, were acting within the course and scope of their employment.

32. Mr. Shawn Snyder diagnosed Ms. Mountain with vertigo.

33. Mr. Shawn Snyder's diagnosis of Ms. Mountain was wrong.

34. Based on the wrong diagnoses, Mr. Shawn Snyder referred Ms. Mountain to Wind City Physical Therapy.

35. When Mr. Shawn Snyder attempted to transfer Ms. Mountain to Wind City, she refused and insisted she be taken to Wyoming Medical Center's emergency room.

36. Mr. Shawn Snyder did not perceive Ms. Mountain's condition to be emergent.

37. A non-emergent ambulance was called for Ms. Mountain at 2:03 p.m.

38. Ms. Mountain was a patient of CHCCW's Quick Care Clinic from 8:37 a.m. until the ambulance picked her up and departed at 2:11 p.m.

39. Ms. Mountain arrived at Wyoming Medical Center at 2:20 p.m.

40. At 2:40 p.m., Wyoming Medical Center medical providers called an acute stroke code and began stroke intervention measures to help Ms. Mountain.

41. As part of the stroke intervention, Ms. Mountain's attending neurologist, Dr. Alana Cozier, ordered a CT scan because "even though the patient was past the window for Tissue Plasminogen Activator (tPA), due to her young age, depending on what we saw on the CT scan my decision was she could potentially be either an IV or IA tPA candidate."

42. Dr. Cozier could not administer tPA to Ms. Mountain because "the CT scan clearly showed a completed infarct in [Ms. Mountain's] left cerebellar hemisphere, so [tPA] was not administered due to her really being outside the tPA window and the stroke already completing itself."

43. Dr. Cozier noted in her record "unfortunately, the patient sat all day with the symptoms. We could have helped her earlier by giving her tPA."

44. Without the administration of tPA, Ms. Mountain suffered permanent neurological damage.

45. The medical negligence of CHCCW employee(s) prevented the timely administration of tPA to Ms. Mountain.

46. Had Ms. Mountain received a timely administration of tPA, she would not have suffered permanent neurological damage.

47. As a result of her permanent neurological damage, Ms. Mountain lost her dental hygienist license and will never be able to return to that line of work.

### FIRST CAUSE OF ACTION
### NEGLIGENCE OF MR. SHAWN SNYDER AND
### VICARIOUS LIABILITY OF DEFENDANT CHCCW

48. Plaintiff incorporates by reference all other allegations in this Complaint.

49. At all times material to this action, Defendant CHCCW's employees, agents, servants or the like, including Mr. Shawn Snyder, owed a duty of reasonable care to its medical patients, including Ms. Mountain, to fully and properly investigate, examine, diagnose, treat, or in the alternative, to properly refer and secure qualified and competent medical specialists to investigate, examine, diagnose, and treat patients.

50. At all times material to this action, Defendant CHCCW's employees, agents, servants or the like, including Mr. Shawn Snyder, owed a duty of reasonable care to its medical patients, including Ms. Mountain, to comply with the accepted standards of medical care or practice.

51. During the course of treatment of Ms. Mountain, Defendant CHCCW's employee, Mr. Shawn Snyder, was negligent in the care and treatment he provided to Ms. Mountain, and such negligence, falling below the applicable standard of care, breached duties of care owed by Mr. Shawn Snyder to Ms. Mountain.

52. Mr. Shawn Snyder negligently failed to comply, or assure compliance with the standards of care required of family nurse practitioners under similar circumstances as such standards of care existed at the time care and treatment was provided to Ms. Mountain.

53. Mr. Shawn Snyder's negligence included, but was not limited to:
   a. Negligently failing to fully and properly examine, diagnose, evaluate and treat, or in the alternative, to properly refer and secure qualified and competent medical specialists to examine, diagnose, evaluate and treat Ms. Mountain.
   b. Negligently failing to timely refer Ms. Mountain to emergency room physicians.
   c. Negligently failing to accurately assess the emergent condition of Ms. Mountain for more than five hours.

    d. Negligently failing to comply with standards of care required of similarly trained Family Nurse Practitioners to properly diagnose Ms. Mountain, and/or to timely refer Ms. Mountain to emergency room physicians.

    e. Negligently failing to otherwise comply with standards of care required of similarly trained Family Nurse Practitioners.

    f. Negligently failing to provide appropriate medical care and treatment; and

    g. Negligently failing to act reasonably under all the circumstances.

54. As a direct, proximate, and foreseeable result of Mr. Shawn Snyder's negligent acts and omissions during the course and scope of his employment with Defendant CHCCW, Ms. Mountain suffered damages including but not limited to:

    a. Past and future physical pain and suffering in an amount to be proven at trial;

    b. Past and future emotional pain and suffering in an amount to be proven at trial;

    c. Past and future loss of enjoyment of life in an amount to be proven at trial;

    d. Past and future disability in an amount to be proven at trial;

    e. Past and future loss of wages, income, and earning capacity in an amount to be proven at trial;

    f. Other past and future pecuniary loss in an amount to be proven at trial;

    g. Past and future medical and related expenses in an amount to be proven at trial;

    h. All allowable costs, expenses and fees associated with this litigation; and

i. Plaintiff reserves the right, if demonstrated by the evidence, to assert a claim for punitive damages as is fair and just.

## PRAYER FOR RELIEF

Ms. Mountain respectfully requests that the Court enter judgment against the Defendant in an amount supported by the allegations of this Complaint and the evidence at trial, as follows:

1. Judgment against Defendant for general damages in an amount consistent with the allegations contained herein and to be proven at trial;

2. Judgment against Defendant for special damages in an amount consistent with the allegations contained herein and to be proven at trial; and

3. Judgment for costs, interests, and such other and further relief as this Court deems just and equitable.

DATED this 5th day of March 2018.

/s/ Kristeen Hand (WSB # 6-3544)
John Graham (WSB # 7-5742)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 (phone)
(307) 733-5248 (fax)
hand@spencelawyers.com
graham@spencelawyers.com

*Attorneys for the Plaintiff*

| | |
|---|---|
| STATE OF WYOMING<br><br>COUNTY OF NATRONA<br><br>SARAH MOUNTAIN,<br>        PLAINTIFF,<br><br>V.<br><br>COMMUNITY HEALTH CENTER OF CENTRAL WYOMING, INC.<br>        DEFENDANT. | IN THE DISTRICT COURT<br><br>SEVENTH JUDICIAL DISTRICT<br><br>CIVIL ACTION NO. 104365<br><br>FILED<br>APR 03 2018<br>Gen Tum_ Clerk _. _._.ict Court<br>By: Anne Volin<br>Deputy<br><br>CERTIFIED COPY |

### ORDER GRANTING STIPULATED MOTION FOR EXTENSION OF TIME FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

THIS MATTER having come before the Court upon the parties' *Stipulated Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint*, and the Court having reviewed the file and the Motion, and being otherwise fully advised in the premises, hereby ORDERS that the Motion is granted, and that Defendant, Community Health Center of Central Wyoming shall have a thirty (30) day extension until May 4, 2018 within which to serve its answer or other responsive pleading.

DATED this 2nd day of April, 2018.

BY THE COURT:

W. Thomas Sullins
_____
DISTRICT COURT JUDGE

APPROVED AS TO FORM:

_____
JOHN GRAHAM
Attorney for Plaintiff

_____
STEPHENSON D. EMERY
Attorney for Defendant

STATE OF WYOMING, COUNTY OF NATRONA SS CERTIFICATE
I do hereby certify that the within and foregoing is a full true and correct copy of the original document which is on file or of record in my office.
Witness my hand and the SEAL of said court this 3 day of April 2018.
GEN TUMA, Clerk of the District Court, 7th Judicial District in and for Natrona County, Wyoming
By _____ Deputy

# EXHIBIT 2

MARK A. KLAASSEN
United States Attorney
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SARAH MOUNTAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| COMMUNITY HEALTH CENTER OF ) | |
| CENTRAL WYOMING, INC., ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATION OF SCOPE OF EMPLOYMENT PURSUANT TO 42 U.S.C. § 233(c)**

I, Mark A. Klaassen, United States Attorney for the District of Wyoming, pursuant to Section 233(c) of Title 42, United States Code, and by virtue of the authority vested in me pursuant to 28 C.F.R. § 15.4(b), hereby certify that I have read the complaint captioned *Sarah Mountain v. Community Health Center of Central Wyoming, Inc.*, case no. CV-104365, filed in the District Court for the Seventh Judicial District, Natrona County, State of Wyoming.

Upon the basis of the information now available to me, I hereby find that Community Health Center of Central Wyoming, Inc. ("CHCCW") was, at the time of the incident alleged, an entity deemed by the Secretary of Health and Human Services to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g), and certify that CHCCW was acting within the

scope of its employment as an employee of the Public Health Service at the time of the incident alleged in the complaint.

Dated this 2nd day of May, 2018.

By: _____
MARK A. KLAASSEN
United States Attorney